UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVETA JORDAN, ET AL | ) |
| Plaintiffs | ) |
| vs. | ) |
| | ) CASE NO.: 4:17-CV-00865-NAB |
| BAYER, CORP., BAYER HEALTHCARE LLC., BAYER ESSURE, INC., (F/K/A CONCEPTUS, INC.), BAYER HEALTHCARE PHARMACEUTICALS, INC., BAYER A.G | ) |
| Defendants | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY PROCEEDINGS AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO SEVER**

Plaintiffs respectfully submit their Motion to Stay Proceedings and Response to Defendants' Motion to Dismiss and Motion to Sever, and respectfully show the Court the following in support thereof:

**BACKGROUND**

Plaintiffs filed this action in Missouri state court as a result of their use of Defendants' Essure birth control device. On March 9, 2017, Defendants removed the cause to this Court, asserting diversity jurisdiction based upon the notion of fraudulent misjoinder, federal question jurisdiction, and jurisdiction under the Class Action Fairness Act ("CAFA"). (Doc. # 1). Shortly thereafter, Defendants filed a Motion to Dismiss Plaintiffs' claims under various theories – for lack of personal jurisdiction, forum non coveniens, preemption, and failure to state a claim (Doc. # 4) and a Motion to sever (Doc. # 7).

On March 16, 2017, Plaintiffs filed a Motion to Remand (Doc #14) and a Memorandum in Support of Motion to Remand (Doc #15) based upon lack of diversity jurisdiction; lack of

federal question jurisdiction; and lack of CAFA jurisdiction. For the reasons stated below, this Court should stay consideration of Defendants' motions to dismiss and sever pending the Court's ruling on Plaintiffs' Motion to Remand.

**ARGUMENT**

The Court's power to stay proceedings is well established and "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[1] "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[2]

Here, the balance of competing interests tips strongly in Plaintiffs' favor. In the absence of a stay, Plaintiffs would suffer a hardship in that they would be required to expend substantial time and resources to conduct discovery and respond to Defendants' motions to dismiss, which will be rendered moot if the Court remands the case. Remand of this case is likely, as courts in this District have already remanded **eleven** similar Essure cases involving the same Plaintiff's counsel, the same Defense counsel, and the same legal arguments.[3] Furthermore, in *Tenny,*

---

[1] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[2] *Id.*
[3] *See Hannah Dorman, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-601-HEA, 2016 WL 7033765 (E.D. Mo. Dec. 2, 2016)(finding that plaintiffs' claims are neither fraudulently joined or misjoined; the federal issues in plaintiffs' complaint are not substantial; and the question of personal jurisdiction requires a more fact-intensive inquiry than the question of subject matter jurisdiction); *Tamara Tenny, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-01189-RLW, 2016 WL 7235705 (E.D. Mo. Dec. 13, 2016), *leave for appeal denied* No. 16-8024 (8th Cir. Jan. 17, 2017)(finding that plaintiffs' claims are neither fraudulently joined or misjoined; the federal issues in plaintiffs' complaint are not substantial; the question of personal jurisdiction requires a more fact-intensive inquiry than the question of subject matter jurisdiction, and jurisdiction under the Class Action Fairness Act does not apply and cannot form a basis for federal subject matter jurisdiction); *Kelly Mounce, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-01478-RLW, 2016 WL 7235707 (E.D. Mo. Dec. 13, 2016), *leave for appeal denied* No. 16-8026 (8th Cir. Jan. 18, 2017)(same); *Octavia Robb, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-01727-RLW, 2016 WL 7235708 (E.D. Mo. Dec. 13, 2016), *leave for appeal denied* No. 14-8024 (8th Cir. Jan. 18, 2017)(same); *Danielle Tabor, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-1682-RWS, (slip opinion) (E.D. Mo. Dec. 16, 2016), *leave for appeal denied* No. 14-8027 (8th Cir. Jan. 18, 2017)(same); *Traci Jones, et al., v. Bayer Corp., et al.*, Case No. 4:16-cv-01192-JCH, 2016 WL 7230433 (E.D. Mo. Dec. 14, 2016), *leave for appeal denied* No. 14-8025 (8th Cir. Jan. 18, 2017)(same); *Rosalind McPeters, et al., v. Bayer Corp., et al.,* No. 4:16-cv-1593-PLC, 2017 WL 57250 (E.D. Mo. Jan. 5, 2017), *leave for appeal denied* No. 14-8025 (8th Cir. Jan. 18, 2017)(same); *Tanya Dotson, et al., v. Bayer Corp., et al.*, No. 4:16-cv-1680-SPM, 2017 WL 35706 (E.D. Mo. Jan. 4, 2017), *leave for appeal denied* No. 14-8025 (8th Cir. Jan. 18, 2017)(same); *Jamie Hall, et al., v. Bayer Corp., et al.*, No. 4:16-cv-1523-CEJ, 2017 WL 86011

*Jones, Mounce, Robb, Hall, Dotson*, *McPeters*, and *Tabor*, Defendants filed a petition for permission to appeal the district court's remand order with the Eighth Circuit pursuant to 28 U.S.C. § 1453(c) and Federal Rule of Appellate Procedure 5, and in each of those cases, the Eighth Circuit denied Defendants' petition. *See Id*.

A.  **The Court Should Stay Defendants' Motion to Dismiss for Lack of Personal Jurisdiction.**

While courts have discretion, in appropriate circumstances, to decide questions of personal jurisdiction before deciding questions of subject-matter jurisdiction, subject-matter jurisdiction should be decided prior to personal jurisdiction when the subject-matter decision will not involve an arduous inquiry.[4] In fact, the Supreme Court has held that determining subject-matter jurisdiction before personal jurisdiction should be the rule rather than the exception.[5] As Judge Shaw stated in *Swann*, "the issue of subject matter jurisdiction is a straight forward legal issue that has already been addressed by judges in this district, including the undersigned. Issues of personal jurisdiction and venue would require a more fact-intensive inquiry."[6] Similarly, in *Lloyd*, Judge Sippel expressly found that the subject-matter decision was not arduous and declined to entertain Defendants' personal jurisdiction challenge.[7]

In this case, there can be no doubt that the determination of subject-matter jurisdiction will not involve an arduous inquiry. In fact, the courts in *Dorman, Tenny, Mounce, Robb, Jones, Tabor*, *McPeters, Dotson, Hall, Erhart,* and *Whitlock*, have already rejected Defendants' argument that the personal jurisdiction question is "straightforward" compared to that of subject matter jurisdiction, and found that the question of personal jurisdiction requires a more fact-

---

(E.D. Mo. Jan. 10, 2017), *leave for appeal denied* No. 14-8025 (8th Cir. Jan. 26, 2017)(same); *Andrea Erhart, et al., v. Bayer Corp., et al*., No. 4:16-cv-01946-SNLJ, (slip opinion)(E.D. Mo. Feb. 8, 2017) (same); *Jan Whitlock, et al., v. Bayer Corp., et al*., No. 4:16-cv-01913-SPM, 2017 WL 564489 (E.D. Mo. Feb 13, 2017)(same).
[4] *See Ruhgras v. Marathon Oil Co.,* 526 U.S. 574, 587-88 (1999).
[5] *See id.*
[6] *Swann v. Johnson & Johnson,* Case No. 4:14-cv-1546 (slip opinion)(E.D. Mo. Dec. 3, 2014)
[7] *Lloyd v. Johnson & Johnson,* Case No. 4:14-cv-1904 (slip opinion)(E.D. Mo. Nov. 13, 2014)

intensive inquiry than the question of subject matter jurisdiction. *See Dorman*, 2016 WL 7033765, at *1; *Tenny,* 2016 WL 7235705, at *2; *Mounce,* 2016 WL 7235707, at *2; *Robb,* 2016 WL 7235708, at *2; *Jones,* 2016 WL 7230433, at *2; *Tabor*, slip op. at 3; *McPeters*, 2017 WL 57250, at *2; *Dotson*, 2017 WL 35706, at *2; *Hall*, 2017 WL 86011, at *2; *Erhart*, slip op. at 2; *Whitlock*, 2017 WL 564489, at *2. Each of those cases involve the same product (Essure), the same allegations as the Plaintiffs complain of in the instant case, the same defendants and defense counsel as the instant case, and the same arguments in support of their Motion to Dismiss and Motion to Sever as is raised in the instant case.

In similar fashion, a court in this District recently remanded an action involving 92 plaintiffs from 34 different states who filed suit in the Circuit Court for the City of St. Louis against the maker of the pharmaceutical drug Pradaxa. *Robert Wilcox, et al., v. Boehringer Ingelheim Pharmaceuticals Inc., et al.,* Case No. 4:16-cv-753-HEA, (E.D. Mo. Dec. 7, 2016). In rejecting the same arguments Defendants make here, the court "agrees that it is appropriate to determine whether it has subject matter jurisdiction before addressing the issue of personal jurisdiction." *Id.* at 3. It is evident that courts in this District consistently rule that subject matter jurisdiction issues must be determined before addressing issues of personal jurisdiction.

This Court should follow the same course as in *Swan, Lloyd*, *Dorman, Tenny, Mounce, Robb, Jones, Tabor*, *McPeters, Dotson, Hall, Erhart, Whitlock,* and *Wilcox*. To determine subject-matter jurisdiction in this case, all that is required is for the Court to apply the Eighth Circuit's decision in *Prempro*, which is on all fours with this case and compels the conclusion that subject-matter jurisdiction is lacking and the case should thus be remanded. Since the subject-matter jurisdiction question in this case does not involve an arduous inquiry, the Court

should stay consideration of Defendants' motions to dismiss for lack of personal jurisdiction pending the Court's ruling on Plaintiffs' Motion to Remand.

**B.     The Court Should Stay Defendants' Motion to Sever and Motion to Dismiss Based on Preemption and Failure to State a Claim.**

The Court should also stay Defendants' motion to sever and Rule 8, (9b), 12(b)(2), 12(b)(6) motion to dismiss because courts are to determine subject-matter jurisdiction before reaching the merits of the action.[8] Whether or not a plaintiff has pled a valid cause of action is a "merits question."[9] A motion to sever presents the same type of merits issues. Thus, a motion to dismiss may not be reached until the court has determined that it has subject-matter jurisdiction over the case.[10]

> Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case. . . . The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.[11]

Because Defendants' motion to dismiss and motion to sever raise merits issues, the Court must determine whether it has subject-matter jurisdiction before considering those motions. Therefore, the Court should stay consideration of Defendants' motion to dismiss and motion to sever pending the Court's ruling on Plaintiffs' Motion to Remand.

A stay of proceedings here should not result in any hardship or prejudice to Defendants. But to the extent that Defendants may argue that a hardship or prejudice associated with a short stay exists, such hardship or prejudice is clearly outweighed by the need to preserve judicial

---

[8] *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83 (1998); *see Cotter v. Milly LLC,* No. 09 Civ. 04639(PGG), 2010 WL 286614, at *2 (S.D.N.Y. Jan. 22, 2010) ("Because the issue of proper removal involves this Court's subject matter jurisdiction, it must be decided prior to [defendant's] motion to dismiss under Rule 12(b)(6).").

[9] *See Steel*, 523 U.S. at 86, 110 ("This case presents the merits question . . . whether EPCRA [the Emergency Planning and Community Right to Know Act of 1986] authorizes suits for purely past violations.")

[10] *See id.*

[11] *Id.* at 94.

economy and the hardship that Plaintiffs would suffer should they be required to expend substantial time resources by first conducting discovery related to the fact intensive personal jurisdiction inquiry, and then responding to Defendants' motions, despite the fact that those motions will be rendered moot in the event of remand.

It is likely that this Court will find that Plaintiffs were not fraudulently misjoined, as this District has consistently held in virtually identical cases in light of *In re Prempro Products Liability Litigation* and its progeny. 591 F.3d 613, 623-624 (8th Cir.), *cert. denied* 131 S. Ct. 474 (2010); *see also Dorman*, 2016 WL 7033765, at *2 (finding that plaintiffs' claims are neither fraudulently joined or misjoined); *Tenny,* 2016 WL 7235705, at *3 (same); *Mounce,* 2016 WL 7235707, at *3 (same); *Robb,* 2016 WL 7235708, at *3 (same); *Jones*, 2016 WL 7230433, at *4 (same); *Tabor*, slip op. at 4 (same); *McPeters*, 2017 WL 57250, at *2-3 (same); *Dotson*, 2017 WL 35706, at *3-4 (same); *Hall*, 2017 WL 86011, at *2-3 (same); *Erhart*, slip op. at 2 (same); *Whitlock*, 2017 WL 564489, at *3 (same); *Johnson v. Bayer Corp.*, No. 4:16-cv-729-CEJ, 2016 WL 3015187 (E.D. Mo. May 26, 2016)(same). It is also likely that this Court will find that the federal issues raised in Plaintiffs' petition are not substantial, and will therefore reject Defendants' federal question jurisdiction argument, as courts in this District have already rejected the same arguments raised by defendants in substantially similar products liability lawsuits. *See Dorman*, 2016 WL 7033765, at *4; *Tenny,* 2016 WL 7235705, at *4; *Mounce,* 2016 WL 7235707, at *4; *Robb,* 2016 WL 7235708, at *4; *Jones*, 2016 WL 7230433, at *4; *Tabor*, slip op. at 5; *McPeters*, 2017 WL 57250, at *4; *Dotson*, 2017 WL 35706, at *5-6; *Hall*, 2017 WL 86011, at *3; *Erhart*, slip op. at 2; *Whitlock*, 2017 WL 564489, at *4; *Johnson,* 2016 WL 3015187, at *3. Lastly, it is also likely that this Court will find that there is no federal subject matter jurisdiction under Class Action Fairness Act, as courts in this District have

consistently rejected identical arguments made by defendants under the same factual circumstances present in this case. *See Tenny,* 2016 WL 7235705, at *4 (finding that jurisdiction under the Class Action Fairness Act does not apply and cannot form a basis for federal subject matter jurisdiction); *Mounce,* 2016 WL 7235707, at *4 (same); *Robb,* 2016 WL 7235708, at *4 (same); *Jones*, 2016 WL 7230433, at *4; *Tabor*, slip op. at 6 (same); *McPeters*, 2017 WL 57250, at *4-5 (same); *Dotson*, 2017 WL 35706, at *6 (same); *Hall*, 2017 WL 86011, at *3-4 (same); *Erhart*, slip op. at 2 (same); *Whitlock*, 2017 WL 564489, at *4-5 (same); *Hendrich v. Medtronic, Inc*., Case No. 4:14-cv-1635 (AGF), 2014 WL 5783013, at *3 (E.D. Mo. Nov. 5, 2014) (same); *Ferrar v. Johnson & Johnson Consumer Companies, Inc.*, Case No. 4:15-cv-1219-CDP, 2015 WL 5996357 (E.D. Mo. Oct. 14, 2015) (same); *Anders v. Medtronic, Inc*., Case No. 4:14-cv-1637-ERW, 2014 WL 5320391 (E.D. Mo. Oct. 17, 2014) (same); *Hammonds v. Monsanto Co.*, Case No. 4:11-cv-1660-DDN, 2011 U.S. Dist. LEXIS 131479 (E.D. Mo. Nov. 15, 2011) (same).

## **PRAYER**

Because the Court lacks subject-matter jurisdiction in this case, Plaintiffs request that the Court delay ruling on Defendants' motion to dismiss and motion to sever until after the Court rules on Plaintiffs' Motion for Remand. Plaintiffs further request that this Court stay all proceedings in this action, including but not limited to the pending motions filed by Defendants, any pending deadlines, and any Rule 26 disclosure obligations until the Court rules on Plaintiffs' Motion to Remand.

Respectfully submitted,

Date: March 16, 2017

/s/ Eric D. Holland
Eric D. Holland (Mo. Bar # 39935)
R. Seth Crompton (Mo. Bar # 57448)
**HOLLAND LAW FIRM**
300 N. Tucker Blvd., Suite 801
Saint Louis, MO 63101
Tel: (314) 241-8111
Fax: (314) 241-5554
eholland@allfela.com
scrompton@allfela.com

Lewis O. Unglesby (La. Bar #12498)
Lance C. Unglesby (La. Bar #29690)
Jason R. Williams (La. Bar #25539)
Logan H. Greenberg (La. Bar #33865)
Nicole E. Burdett (La. Bar #32972)
Adrian M. Simm Jr. (La. Bar #36673)
**UNGLESBY + WILLIAMS**
607 St. Charles Avenue
New Orleans, LA 70130
Tel: (504) 345-1390
Fax: (504) 324-0835

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/ Eric D. Holland*
Eric D. Holland (Mo. Bar # 39935)
Holland Law Firm, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Tel: 314-241-8111
Fax: 314-241-5554
Email: eholland@allfela.com