**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

LAVETA JORDAN, et al.,

        Plaintiffs,

  v.

BAYER CORP., BAYER HEALTHCARE
LLC, BAYER ESSURE, INC. (F/K/A
CONCEPTUS, INC.), BAYER
HEALTHCARE PHARMACEUTICALS,
INC., BAYER A.G.,

        Defendants.

Case No:  4:17-cv-00865-NAB

**JURY TRIAL DEMANDED**

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendants Bayer Corporation, Bayer Essure Inc., Bayer HealthCare LLC, and Bayer
HealthCare Pharmaceuticals Inc. (together, "Bayer"), by and through their undersigned counsel,
hereby oppose Plaintiffs' Motion to Remand this case to the Circuit Court for the City of St.
Louis, Missouri.[1]

Plaintiffs are forum shopping because they are well aware of what other jurisdictions
have done with virtually identical claims.  *See Norman v. Bayer Corp.*, No. 3:16-cv-00253, 2016
WL 4007547 (D. Conn. July 26, 2016) (dismissing all claims with prejudice); *Williams v. Bayer
Corp.*, No. 15BA-CV02526 (Mo. Cir. Ct. Boone Cty. July 18, 2016) (same) (Motion to Dismiss
Request for Judicial Notice ("RJN") Ex. C); *De La Paz v. Bayer Healthcare LLC*, 159 F. Supp.
3d 1085 (N.D. Cal. 2016) (dismissing all claims as preempted); *Medali v. Bayer HealthCare
LLC*, No. RG15771555, slip op. (Cal. Super. Ct. Feb. 16, 2016) (same) (RJN Ex. A);

---

[1] Bayer has filed a Motion for Leave to file this response in excess of the page limitation.  Bayer
submits this Response in order to ensure compliance with the time limit set forth by this Court's
Local Rules.

*McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804 (E.D. Pa. 2016) (finding 10 of 12 claims preempted); Transcript, *Noris v. Bayer Essure, Inc.*, No. BC589882 (Cal. Super. Ct. Apr. 26, 2016) (dismissing claims) (excerpts at RJN Ex. B); *Lance v. Bayer Essure Inc.*, RG16809860 (Cal. Super. Ct. Aug. 2, 2016) (dismissing multiple claims) (RJN Ex. D).

Striving to keep this case in the City of St. Louis in the hope of obtaining a favorable ruling that breaks rank with these decisions, Plaintiffs have drafted a complaint that purports to eliminate federal jurisdiction. Specifically, Plaintiffs have joined five unrelated women from Bayer's home states, over whose claims there is no personal jurisdiction in Missouri, in an effort to eliminate diversity. As numerous judges around the country have recognized, however, personal jurisdiction should be addressed first and such pleading artifices should not be permitted to defeat a defendant's right to remove. *See, e.g.*, *Addelson v. Sanofi S.A.*, No. 4:16-cv-01277, 2016 WL 6216124, at *3-4 (E.D. Mo. Oct. 25, 2016) (Webber, J.).[2]

As set forth in Bayer's Notice of Removal, *see* Dkt. 1, ¶ 7, this Court should defer ruling on Bayer's Motion to Dismiss and Plaintiffs' Motion to Remand pending the outcome in three pending cases, each of which concerns plaintiffs' attempt to destroy diversity jurisdiction by joining claims of non-diverse plaintiffs with respect to whose claims courts in the forum state plainly lack personal jurisdiction. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, No. 16-466, 2017 WL 215687 (U.S. cert. granted Jan. 19, 2017) ("*BMS*") (oral argument scheduled Apr. 27, 2017); *Robinson v. Pfizer, Inc.*, No. 16-2524 (8th Cir. filed Mar. 31, 2016) (oral argument

---

[2] Bayer recognizes that several other decisions in this district have elected to address subject matter jurisdiction first, without reaching personal jurisdiction. *See, e.g.*, *Dorman v. Bayer Corp.*, No. 4:16-cv-601 (E.D. Mo. Dec. 2, 2016). Those orders, of course, are not binding on this Court. *See Se. Stud & Components, Inc. v. Am. Eagle Design Build Studios, LLC*, 588 F.3d 963, 967 (8th Cir. 2009). Given the clear lack of any personal jurisdiction over the non-Missouri plaintiffs' claims, the court should instead follow the well-reasoned approach of *Addelson* and similar cases.

scheduled Apr. 5, 2017; *State ex rel. Bayer Corp. v. The Hon. Joan L. Moriarty*, No. SC96189 (Mo. filed Jan. 27, 2017) ("*Johnson*") (petition for writ of prohibition pending).  Plaintiffs offer no reason why this court should not await the resolution of *BMS* and *Johnson*, and their argument concerning *Robinson* elides the centrality of personal jurisdiction to that appeal.[3] Because these three cases are likely to provide guidance on the precise jurisdictional question posed in this case, Bayer submits it would be prudent to await the decisions in *BMS*, *Robinson*, and *Johnson.*

    But if the Court is not inclined to wait, it should reject Plaintiffs' jurisdictional artifice. The Supreme Court has long admonished courts "not [to] sanction devices intended to prevent a removal to a Federal court where one has that right."  *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 185-86 (1907).  Consistent with this century-old principle, district courts frequently reject jurisdictional games identical to the one Plaintiffs are playing here.  *See, e.g.*, *Addelson*, 2016 WL 6216124, at *3-4 (dismissing claims of out-of-state plaintiff for lack of personal jurisdiction before considering whether complete diversity existed); *In re Bard IVC*, MDL No. 15-2641, 2016 WL 6393596, at *4-6 (D. Ariz. Oct. 27, 2016) (same); *Aclin v. PD-RX Pharms., Inc.*, No. 5:15-cv-00561, 2016 WL 3093246, at *2 (W.D. Okla. June 1, 2016) (same); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, MDL No. 1:15-md-2657, 2016 WL 2349105, at

_____

[3] While Plaintiffs are correct that the Eighth Circuit will review an award of attorneys' fees and costs in that case, they are incorrect that the Eighth Circuit will not review Pfizer's personal jurisdiction argument.  Mot. at 5.  As the Supreme Court has explained, "when an objectively reasonable basis [for removal] exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Thus, in determining whether defendants had an "objectively reasonable" basis for removal, "'the court *must consider the objective merits of removal* at the time of removal, irrespective of the ultimate remand.'"  *Convent Corp. v. City of N. Little Rock*, 784 F.3d 479, 483 (8th Cir. 2015) (per curiam) (quoting *Diaz v. Cameron Cnty.*, 300 F. App'x 280, 281 (5th Cir. 2008) (per curiam)); *see also Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003) ("[T]o determine whether [an award of attorney's fees] was erroneous, [the court] must undertake a de novo examination of whether the remand order was legally correct").

*3 (D. Mass. May 4, 2016) (same); *In re Testosterone Replacement Therapy Prod. Liab. Litig. Coordinated Pretrial Proceedings*, 164 F. Supp. 3d 1040, 1047-50 (N.D. Ill. 2016) (same); *Kraft v. Johnson & Johnson*, 97 F. Supp. 3d 846, 851 (S.D. W. Va. 2015) (same). *But see, e.g.*, *Johnson v. Bayer Corp.*, No. 4:16-cv-729, ECF Doc. 11 (E.D. Mo. May 26, 2016) (*sua sponte* remanding six days after removal without briefing or argument); *Tenny v. Bayer Corp.*, No. 4:16-cv-01189 (E.D. Mo. Dec. 13, 2016) (similar).

As these courts have recognized, there is no personal jurisdiction in a case like this with respect to the claims of these out-of-state plaintiffs.  There is no general jurisdiction because Bayer is not "at home" in Missouri.  *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760, 761 n.19 (2014); *State ex rel. Norfolk Southern Railway v. Dolan*, No. SC95514, 2017 WL 770977 (Mo. Feb. 28, 2017) (en banc) (rejecting argument that registering to do business in Missouri confers general jurisdiction); *see also Keeley v. Pfizer Inc.*, No. 4:15cv00583, 2015 WL 3999488, at *2 (E.D. Mo. July 1, 2015).  And there is no specific jurisdiction with respect to 86 of the 94 plaintiffs because their alleged injuries have no connection to Missouri.  *See, e.g.*, *Johnson v. Arden*, 614 F.3d 785, 795 (8th Cir. 2010).  Thus, the only claims properly before the Court are the ones brought by the eight plaintiffs who allege citizenship in Missouri—and, for those claims, there is complete diversity.

Plaintiffs dispute none of this.  Instead, they simply argue that the Court should ignore the personal jurisdiction issue, pretend personal jurisdiction exists, and then hold that the lack of complete diversity requires remand.  But federal courts are not required to stick their heads in the sand.  The Supreme Court has expressly ruled that, in cases like this one, personal jurisdiction can be addressed first.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999).

4

Accordingly, this Court should address personal jurisdiction first, just like other district courts recently have done in virtually identical circumstances.  *See Addelson*, 2016 WL 6216124, at *2; *Bard*, 2016 WL 6393596, at *2-3; *Aclin*, 2016 WL 3093246, at *2; *Zofran*, 2016 WL 2349105, at *2; *In re Testosterone Replacement Therapy*, 164 F. Supp. 3d at 1047-50.  *But see*, *e.g.*, *Robb v. Bayer Corp.*, No. 4:16-cv-01727, at 4-5 (E.D. Mo. Dec. 13, 2016).  Personal jurisdiction presents a relatively "straightforward" issue that is far less complex than the subject matter jurisdiction question in this case.  *See Addelson*, 2016 WL 6216124, at *2.  To resolve subject matter jurisdiction, the Court would have to address "complicated questions of law," including "an assessment of [whether] non-Missouri plaintiffs were either fraudulently joined or [fraudulently] misjoined."  *Zofran*, 2016 WL 2349105, at *2.  In addition, the Court would still have to address personal jurisdiction, which is relevant to the fraudulent joinder issue.  *See Bard*, 2016 WL 6393596, at *3.  Finally, the Court would have to decide whether there is federal question jurisdiction under 28 U.S.C. § 1331, or jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(11)(B)(i), 1453(a).  *See K. Burrell v. Bayer Corp.*, No. 17-cv-00031, 2017 WL 1032524 (W.D.N.C. Mar. 17, 2017) (exercising federal question jurisdiction over similar Essure-related claims); *Travis Burrell v. Bayer Corp.*, No. 17-cv-00032, 2017 WL 1032504 (W.D.N.C. Mar. 17, 2017) (same).

Because addressing personal jurisdiction first is the simpler path, the Court should follow *Addelson* and similar cases, dismiss the non-Missouri plaintiffs from this case, and recognize its diversity jurisdiction.  Thus, the Court should deny Plaintiffs' Motion to Remand.

## ARGUMENT

I.    **BAYER IS CLEARLY NOT SUBJECT TO PERSONAL JURISDICTION WITH RESPECT TO THE OUT-OF-STATE PLAINTIFFS' CLAIMS.**

Plaintiffs' failure to address personal jurisdiction speaks volumes.  As explained in Bayer's Notice of Removal and Motion to Dismiss, no personal jurisdiction exists with respect to the non-Missouri Plaintiffs' claims, and these claims should be adjudicated elsewhere.

*First*, Bayer is not subject to general jurisdiction in Missouri.  General jurisdiction arises when a defendant's contacts with the forum state are so "continuous and systematic" that the defendant is "essentially at home" in that state.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 595 (8th Cir. 2011).  Where, as here, a defendant is not incorporated in and does not have its principal place of business in the forum state, general jurisdiction exists only in an "exceptional" case where the defendant's operations are "so substantial and of such a nature as to render the corporation at home" in the forum state.  *Daimler*, 134 S. Ct. at 760, 761 n.19; *see also Keeley*, 2015 WL 3999488, at *2 ("The Supreme Court has limited general jurisdiction for a corporation to its place of incorporation or principal place of business except in an 'exceptional case.'").  This is not an exceptional case.

Although Plaintiffs assert general personal jurisdiction in their Petition based on Bayer's marketing and selling Essure in Missouri, *see* Pet. ¶ 167, these are not bases for general jurisdiction.  It is well settled that "[s]imply doing continuous and systematic business in a state is not enough to establish general jurisdiction." *Addelson*, 2016 WL 6216124, at *3; *see Keeley*, 2015 WL 3999488, at *2 ("Simply marketing and selling a product in a state does not does make a defendant's affiliations with the state so continuous and systematic as to render them

essentially at home in the forum state.") (internal quotation omitted); *id.* at *4 ("[M]erely doing business in a state is not enough to establish general jurisdiction.").

*Second*, Bayer is not subject to specific jurisdiction with respect to the non-Missouri Plaintiffs' claims.  "Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'" *Johnson*, 614 F.3d at 795 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008)).  *If* the plaintiff alleges that the defendant's contacts with the forum state gave rise to the action, *then* the court must consider other factors to determine whether those contacts are sufficient to create personal jurisdiction.  *See Rafferty v. Rafferty*, No. 4:15-cv-1543, 2016 WL 319593, at *6 (E.D. Mo. Jan. 27, 2016).  But when, as with the non-Missouri Plaintiffs here, a plaintiff's injury is not "related to [the] [d]efendant's contacts with the forum state," the analysis is straightforward: there is no specific personal jurisdiction.

Non-Missouri Plaintiffs cannot "piggyback" on the specific jurisdiction that exists with respect to the Missouri Plaintiff's claims.  *See, e.g.*, *Level 3 Commc'ns, LLC v. Ill. Bell Tel. Co.*, No. 4:13-CV-1080, 2014 WL 50856, at *2 (E.D. Mo. Jan. 7,  2014), *vacated in part on other grounds on reconsideration*, 2014 WL 1347531 (E.D. Mo. Apr. 4, 2014).[4]  Specific personal jurisdiction is, by its nature, *specific* to particular claims and plaintiffs.  *See, e.g.*, *Addelson*, 2016 WL 6216124, at *3 ("The specific jurisdiction inquiry must be conducted separately for the claims of each individual plaintiff.").  The existence of specific personal jurisdiction with respect

---

[4] *Forum non conveniens* provides another basis for dismissal.  *See* Mot. to Dismiss (Dkt. 5) at 11-12.  Each non-Missouri Plaintiff has an adequate forum in her own state, and the relevant public and private factors favor dismissal.  *Id.*  Plaintiffs' sole reason for their joinder of non-Missouri Plaintiffs is to enable non-Missouri Plaintiffs to litigate their claims in the City of St. Louis.  But there is no convenience-related reason why Plaintiffs in Bayer's home states should have their claims litigated in Missouri state court rather than their own state courts.

to one plaintiff's claims does not establish specific personal jurisdiction with respect to the other twelve Plaintiffs' claims.  *Id.*  "The fact that the Plaintiffs have been joined in a single lawsuit does not alter the reality that this case involves [94] different Plaintiffs asserting [94] different claims."  *Bard*, 2016 WL 6393596, at *4.[5]

## II.   PERSONAL JURISDICTION SHOULD BE RESOLVED BEFORE SUBJECT MATTER JURISDICTION BECAUSE IT PRESENTS THE SIMPLER QUESTION.

Like the *Addelson* line of cases, this Court should adopt the "straightforward" analysis above and dismiss the non-Missouri Plaintiffs' claims before considering the remand motion. *Addelson*, 2016 WL 6216124, at *2; *Bard*, 2016 WL 6393596, at *2-3; *Zofran*, 2016 WL 2349105, at *2-3; *Aclin*, 2016 WL 3093246, at *2; *In re Testosterone Replacement Therapy*, 164 F. Supp. 3d at 1047-50.  *But see supra* note 2.

Plaintiffs' entire analysis misses the mark.  According to Plaintiffs, the subject matter jurisdiction inquiry is not "arduous."  Mot. at 6-7.  But *Ruhrgas* does not hold that courts must address subject matter jurisdiction first when it is not arduous.  Rather, courts have discretion to address personal jurisdiction first when that issue "is simple when *compared with* the issue of subject-matter jurisdiction."  *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (emphasis added); *see also Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996) (holding that court may consider "simpler" or "less difficult" personal jurisdiction issue before subject matter jurisdiction); *Kraft*, 97 F. Supp. 3d at 851 (holding that personal jurisdiction is "relatively" simple in "contrast" to subject matter jurisdiction).  Starting with personal jurisdiction is also warranted given the constitutional Due Process concerns that

---

[5] Plaintiffs' assertion that their claims are properly joined under Missouri law, Mot. at 15-16, is irrelevant; Missouri's state procedural rules say nothing about whether joining claims with no relation to the forum state can meet the federal constitutional requirements for personal jurisdiction.  *See In re Bard*, 2016 WL 6393596, at *4.

analysis presents, whereas the question of complete diversity raises only statutory considerations. *Ruhrgas*, 526 U.S. at 584, 586-87.  In these instances, "considerations of judicial economy strongly suggest resolving the issue of personal jurisdiction ahead of subject-matter jurisdiction." *Zofran*, 2016 WL 2349105, at \*2; *see also Addelson*, 2016 WL 6216124, at \*2; *Bard*, 2016 WL 6393596, at \*3; *Aclin*, 2016 WL 3093246, at \*2; *In re Testosterone Replacement Therapy*, 164 F. Supp. 3d at 1045-46.[6]

### A.    The Subject Matter Jurisdiction Issue Presents Relatively More Complicated Questions Regarding Misjoinder.

Here, personal jurisdiction is "straightforward," especially when compared to subject matter jurisdiction.  *Addelson*, *Bard*, *Zofran*, *Aclin*, and *Testosterone Replacement Therapy* considered nearly identical issues, and they definitively answered the personal jurisdiction question.  By contrast, those courts observed that "[r]esolution of the question of subject-matter jurisdiction necessarily involves" relatively more "complicated questions of law"—including, "an assessment of [whether] non-Missouri plaintiffs were either fraudulently joined or [fraudulently] misjoined."  *Zofran*, 2016 WL 2349105; *see also Addelson*, 2016 WL 6216124, at \*2; *Bard*, 2016 WL 6393596, at \*3 ("Defendants' fraudulent joinder argument raises complicated issues upon which there is no controlling Eighth Circuit precedent . . . ."); *Aclin*, 2016 WL 3093246, at \*2; *In re Testosterone Replacement Therapy*, 164 F. Supp. 3d at 1044-46 ("The personal jurisdiction question … is more straightforward and does not present a 'complex question of state law.'").

---

[6] *Swann v. Johnson & Johnson*, No. 4:14-cv-1546, 2014 WL 6850776 (E.D. Mo. Dec. 3, 2014), and other cases in which this Court considered subject matter jurisdiction before personal jurisdiction are not to the contrary.  There, the court's decision was not based on a simple assessment that subject matter jurisdiction was not "arduous," but on a determination that subject matter jurisdiction was simple compared to the "fact-intensive" personal jurisdiction issue.  Here, as *Addelson* and similar decisions show—*and as Plaintiffs do not dispute*—the personal jurisdiction issue is not fact-intensive.

This reasoning is consistent with the Eighth Circuit's acknowledgment that the doctrine of fraudulent misjoinder is "novel," *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010), and the doctrine of fraudulent joinder is "difficult[]" to apply, *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).  For this reason, courts frequently consider motions to dismiss for lack of personal jurisdiction before addressing motions to remand that would require considering joinder questions, especially when constitutional issues are present.[7] This Court should do the same.

To resolve misjoinder here, the Court would have to assess whether the 94 Plaintiffs' claims involve "the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20;[8] *Smith v. Planned Parenthood of St. Louis Region*, 225 F.R.D. 233, 244 (E.D. Mo. 2004) ("Although the same transaction or occurrence requirement of Rule 20 may be construed liberally, this does not mean joinder is proper in the absence of a transactional link.").  Contrary

---

[7] *See also Ruhrgas*, 526 U.S. at 584-85 (holding that it is proper to consider challenge to personal jurisdiction before considering whether fraudulent joinder of nondiverse plaintiff destroyed complete diversity); *Cantor Fitzgerald, L.P.*, 88 F.3d at 153 ("[T]he [d]istrict [c]ourt properly exercised its discretion in first deciding the motion to dismiss for lack of personal jurisdiction over the defendants before considering the question of federal subject-matter jurisdiction" where defendants argued that nondiverse plaintiffs were improperly joined); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1494-95 (5th Cir. 1993) ("[D]istrict courts have the power to rule on motions challenging personal jurisdiction before reaching motions to remand" where defendants argue fraudulent joinder), *cert. denied* 510 U.S. 1044 (1994); *Foslip Pharms., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000) (considering motion to dismiss for lack of personal jurisdiction before motion to remand where subject matter jurisdiction issue involved alleged fraudulent joinder and fraudulent misjoinder); *Kraft*, 97 F. Supp. 3d at 851, 854-55 ("[I]n keeping with *Ruhrgas*, I [find] the question of personal jurisdiction here to be straightforward, whereas the issue of subject matter jurisdiction [involving fraudulent misjoinder] raises difficult and novel questions of federal procedural law."); *Wolstenholme v. Bartels*, No. 10-5974, 2011 WL 4359989, at *1 n.1 (E.D. Pa. Sept. 19, 2011) (dismissing for lack of personal jurisdiction before considering motion to remand where subject matter jurisdiction issue involved alleged fraudulent joinder).

[8] Plaintiffs' argument that joinder was proper under Rule 52.05(a) of the Missouri Rules of Civil Procedure fails for similar reasons.  *State ex rel. Nixon v. Dally*, 248 S.W.3d 615, 617 (Mo. 2008) (en banc).

to Plaintiffs' contention, *In re Prempro* does not eliminate this inquiry or hold that joinder is proper whenever "'common issues of law and fact are likely to arise.'"  Mot. at 3 (quoting *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855, 2013 WL 2643302, *3 (E.D. Mo. June 12, 2013)).[9]  There are at least three significant factual differences between Plaintiffs' claims that undermine their attempts at joinder.

*First*, Plaintiffs allege a wide array of disparate injuries, including "severe pain and discomfort," "excessive migraine headaches," "excessive rashes," "excessive hair loss," dental problems," "memory loss," "anxiety," "depression," and "chronic fatigue."  *E.g.*, Pet. ¶¶ 467-993.  In contrast, in *In re Prempro*, the plaintiffs contended that they each sustained the same injury as a result of the manufacturer's actions.  591 F.3d at 623.  Other cases relied on by Plaintiffs are in accord.  *See Swann*, 2014 WL 6850776, at *1 (all plaintiffs allegedly developed ovarian cancer); *Hogans v. Johnson & Johnson*, No. 4:14-cv-1385, 2014 WL 4749162, at *1 (E.D. Mo. Sept. 24, 2014) (same).  These cases treat the existence of a common injury as central to the "logical relationship" that must exist between plaintiffs' claims.  *See In re Prempro*, 591 F.3d at 623.  There is no such common injury pleaded here.

*Second*, each Plaintiff had her device placed by a different physician.  Courts have repeatedly recognized that claims do not arise from the same transaction, occurrence, or series of transactions or occurrences where alleged injuries stem from the use of a product prescribed by different physicians acting in different circumstances.  *See, e.g.*, *Hill v. Eli Lilly & Co.*, No. 1:15-CV-00141, 2015 WL 5714647, at *7 (S.D. Ind. Sept. 29, 2015) (noting the "consistent reluctance

---

[9] *See also Aday v. Fesenius Med. Care N. Am., Inc.*, No. 4:13-cv-2462, 2014 WL 169634, at *3 (E.D. Mo. Jan. 15, 2014); *Agnew v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-cv-2468, 2014 WL 82195, at *4 (E.D. Mo. Jan. 9, 2014); *M.B. ex rel. Hitt v. Abbott Labs. Inc.*, No. 4:12-cv-1250, 2012 WL 5258957, at *2 (E.D. Mo. Oct. 24, 2012); *T.F. ex rel. Foster v. Pfizer, Inc.*, No. 4:12-cv-1221, 2012 WL 3000229, at *3 (E.D. Mo. July 23, 2012).

of federal courts to treat products liability claims as arising from the same transaction or occurrence merely because they relate to the same medicine or medical device"); *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 779 F. Supp. 2d 846, 856 (S.D. Ill. 2011); *Adams v. I-Flow Corp.*, No. CV09-09550, 2010 WL 1339948, at *8 (C.D. Cal. Mar. 30, 2010); *McGrew v. Howmedica Osteonics Corp.*, No. 14-cv-430, 2015 WL 159367, at *3 (S.D. Ill. Jan. 13, 2015). That is especially true in the medical device context, where, as here, the physician's placement of the device could be the source of the alleged injury.

*Third*, Plaintiffs allege that they obtained Essure at different times—as early as 2002, *see* Pet. ¶ 869, and as late as 2016, *see id.* ¶ 877. The placement of devices in different patients over a *fourteen-year* period cannot possibly be characterized as the "same transaction, occurrence, or series of transactions or occurrences." *Adams*, 2010 WL 1339948, at *8 (misjoinder where "plaintiffs underwent separate shoulder surgeries that were performed at different times over the span of a ten (10) year period"); *Alday v. Organon USA, Inc.*, Nos. 4:09CV1415 *et al.*, 2009 WL 3531802, *1 (E.D. Mo. Oct. 27, 2009) (finding plaintiffs' injuries arising out of use of prescription drug were not part of same transaction, occurrence, or series of transactions or occurrences where injuries occurred "at different times in different states"); *Hyatt v. Organon USA, Inc.*, Nos. 4:12CV1248 *et al.*, 2012 WL 4809163, at *1 (E.D. Mo. Oct. 10, 2012) (same).

That is particularly true here because timing is crucial to Plaintiffs' failure to warn and misrepresentation claims. For instance, Plaintiffs allege that that FDA became aware of "violations" of federal requirements in December 2010/January 2011, Pet. ¶¶ 285-302, between May and June 2013, *id.* ¶¶ 309-313, and after October 2013, *id.* ¶¶ 330-333. They also allege that new safety information became available at different times, including in March 2014, *id.* ¶ 361, September 2015, *id.* ¶ 369, and October 2015, *id.* ¶ 350. Depending on when a plaintiff

received Essure, the information in the public domain or that was allegedly available to Bayer may differ.  A "multitude of cases around the country," *Stinnette v. Medtronic Inc.*, No. H-09-03854, 2010 WL 767558, at *2 (S.D. Tex. Mar. 3, 2010), confirm that such "factual variances" matter to the joinder analysis.

Plaintiffs rely upon the Missouri Court of Appeals' decision in *Barron v. Abbot Labs., Inc.*, ED 103508, 2016 WL 6596091 (Mo. Ct. App. Nov. 8, 2016), but it is inapposite.  The plaintiffs in *Barron* each alleged the same injury:  birth defects caused by the prescription drug Depakote.  *Id.* at *1; *see also In re Prempro*, 591 F.3d at 623.  By contrast here, the Plaintiffs have alleged a wide array of injuries.  *See* Pet. ¶¶ 467-993.  Also, unlike *Barron*, this case involves a medical device, not a prescription drug; each placement of the Essure device by a different physician constitutes a separate transaction or occurrence.  *Heather v. Medtronic Inc.*, No. 2:14-CV-01595, 2014 WL 2736093, at *1 (C.D. Cal. June 9, 2014) ("Plaintiffs['] claims arise out of separate surgeries, performed by different surgeons, in different states . . . .  The fact that the same [medical] device was used in each plaintiff's surgery is not sufficient to find that they were part of the same transaction or occurrence."); *Scovil v. Medtronic, Inc.*, 995 F. Supp. 2d 1082, 1098 (D. Ariz. 2014) (same).[10]

Plaintiffs' argument that such factual variances do not matter is mistaken and has led to rank forum-shopping.  Since *In re Prempro*, thousands of non-Missouri plaintiffs have brought product liability actions in the City of St. Louis by joining their claims to those of Missouri

---

[10] By deciding the personal jurisdiction issue first, the Court also can avoid addressing Plaintiffs' reliance on *Barron* and whether a state court's interpretation of its own procedural rules has any bearing on whether parties in a removed federal action are fraudulently misjoined.  *See generally In re Prempro*, 591 F.3d at 622-23 (dismissing fraudulent misjoinder argument "[a]fter considering the Rule 20 joinder standards").

plaintiffs.  This attempt to make the City of St. Louis the forum of choice for claims of thousands of plaintiffs from around the country cannot be what *In re Prempro* sought to permit.

This forum-shopping is all the more troubling here given the United States Supreme Court's decisions since *In re Prempro*, which underscore that Plaintiffs' claims are preempted by federal law, *Riegel v. Medtronic, Inc.*, 552 U.S. 312 (2008); *see also In re Medtronic, Inc., Sprint Fidelis Leads Prods. Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010); page 1, *supra* (citing cases), and that there is no personal jurisdiction with respect to the nominally non-diverse Plaintiffs' claims, *Daimler,* 134 S. Ct. at 761 n.19.

But the Court need not decide whether the factual variances in this case defeat joinder, even though they certainly do.  The point is simply that *if* the Court attempts to resolve subject matter jurisdiction before personal jurisdiction, it *will* have to grapple with all of these questions.  By contrast, if the Court starts with personal jurisdiction—as it should—the analysis is comparatively "straightforward" and spelled out by *Addelson* and similar cases:  The Court dismisses the out-of-state plaintiffs for lack of personal jurisdiction, and then holds that it has diversity jurisdiction over the remaining plaintiffs' claims.

### B.    The Court Would Still Have To Address Personal Jurisdiction As Part Of The Misjoinder Analysis.

Moreover, the Court will not be able to avoid the personal jurisdiction question by starting with misjoinder.  As in *Zofran*, "the alleged joinder deficiency is based . . . on the ability of the Court to exercise personal jurisdiction over the defendant against whom the claim is made."  2016 WL 2349105, at *2; *see also, e.g.*, Notice of Removal ¶¶ 48, 54.  Thus, "the district court must necessarily address the issue of personal jurisdiction regardless of which motion it addresses first."  *Villar*, 990 F.2d at 1494; *see also Bard*, 2016 WL 6393596, at *3 ("[T]he court will confront the personal jurisdiction issues regardless of the sequence in which it

14

conducts its analysis."); *Martino v. Viacao Aerea Riograndense, S.A.*, No. 90-1883, 1991 WL 13886, at *2 (E.D. La. Jan. 25, 1991) ("In addressing the motion for remand first, the Court would initially have to determine the existence of personal jurisdiction . . . in response to the fraudulent joinder claim . . . ."). In contrast, the district court need not consider whether non-Missouri Plaintiffs are misjoined if it dismisses their claims for lack of personal jurisdiction before proceeding to the Motion to Remand. Granting the Motion to Dismiss before considering the Motion to Remand thus greatly simplifies this Court's task.

> **C.    The Subject Matter Jurisdiction Issue Would Also Require Resolution Of Whether There Is Federal Question Jurisdiction.**

Moreover, if the Court first addresses personal jurisdiction, it will not need to address whether federal question jurisdiction is an alternative basis for denying the remand motion. Judge Cogburn in the Western District of North Carolina recently recognized that there is federal question jurisdiction over two Essure cases. *See K. Burrell*, 2017 WL 1032524; *T. Burrell*, 2017 WL 1032504. In line with Supreme Court precedent, the Eighth Circuit has identified two requirements for establishing federal question jurisdiction where, as here, plaintiffs bring state-law causes of action: (1) "the right to relief under state law [must] depend[] on the resolution of a substantial, disputed federal question"; and (2) "the exercise of jurisdiction [must] not disrupt the balance between federal and state jurisdiction adopted by Congress." *Pet Quarters, Inc., v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."). Both requirements are readily met here.

The first requirement is met because (1) Plaintiffs' right to relief turns on "a contested federal issue," and (2) that issue is "a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.

*First*, there is no doubt that Plaintiffs' "suit raising [] state-law claim[s] rises or falls on [their] ability to prove [] violation[s] of a federal duty." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016); *Grable*, 545 U.S. at 314-15 (federal question jurisdiction exists where "the meaning of [a] federal statute" was an "essential element" of a state-law claim); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921) (finding federal question jurisdiction where "the right to relief" in the plaintiff's Missouri causes of action "depends upon the construction or application of the Constitution or laws of the United States"). In *Burrell*, the court found that analogous Essure-related claims were properly removed under 28 U.S.C. § 1331 because "[f]ederal oversight of the Bayer defendants is a necessary part of this case, and plaintiff raises the question of the Bayer defendants' duties under the FDCA, as amended by the MDA, and whether they complied with such responsibilities." *K. Burrell*, 2017 WL 1032524, at *2; *T. Burrell*, 2017 WL 1032504, at *2.

Plaintiffs cannot deny that their Petition prominently and repeatedly pleads that Bayer violated federal law, and that Plaintiffs must prove deviations from federal requirements to maintain their causes of action.  Mot. at 14; *see also* 28 U.S.C. § 360k(a); *In re Medtronic*, 623 F.3d at 1204 ("plaintiff must be suing for conduct that violates the FDCA (or else his claim is expressly preempted by § 360k(a))") (emphasis omitted); *H.R. ex rel. Reuter v. Medtronic, Inc.*, 996 F. Supp. 2d 671, 679 (S.D. Ohio 2014) (state-law claims involving Class III medical device "clearly implicate federal law" because "plaintiffs cannot prevail unless they allege and ultimately prove a violation of federal law"); *Jenkins v. Medtronic, Inc.*, 984 F. Supp. 2d 873,

880 (W.D. Tenn. 2013) (state-law claims involving Class III medical device "necessarily raise disputed federal issues").

*Second*, the federal issues posed by Plaintiffs' claims are "substantial" because they "indicat[e] a serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable*, 545 U.S. at 313.  Several courts have held that claims involving Class III medical devices implicate "substantial" federal issues.  *See K. Burrell*, 2017 WL 1032524, at *2; *T. Burrell*, 2017 WL 1032504, at *2; *Reuter*, 996 F. Supp. 2d at 679-80; *Jenkins*, 984 F. Supp. 2d at 880-81; *but see*, *e.g.*, *Williams v. Bayer Corp.*, No. 4:16-cv-1105, at 6-7 (E.D. Mo. Dec. 13, 2016).  And as great as the federal interest is in any PMA device, the federal interest in Essure has been especially robust.  Indeed, FDA held a public hearing to address precisely the same safety and effectiveness concerns that Plaintiffs raise in their Petition. Pet. ¶ 375.  On February 29, 2016, FDA then took action to address those matters.  *Id.* ¶ 376.  In light of this extraordinary federal involvement, there is a significant interest in adjudicating the safety and effectiveness concerns at issue in the unified federal court system.  *See Reuter*, 996 F. Supp. at 680 (finding "substantial" federal questions where issues were important, dispositive, and would "likely . . . be present in other cases involving medical devices that have received premarket approval"); *Jenkins*, 984 F. Supp. 2d at 880-81 (similar).

Contrary to Plaintiffs' contentions, *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986), does not stand for the broad proposition that "if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question."  Mot. at 22; *see K. Burrell*, 2017 WL 1032524, at *2; *T. Burrell*, 2017 WL 1032504, at *2 ("the analysis should not begin and end with the question of whether

the federal law creates a cause of action").[11]  The Supreme Court specifically *rejected* that view of *Merrell Dow* in *Grable*.  *See* 545 U.S. at 318 ("*Merrell Dow* should be read in its entirety as treating the absence of a federal private right of action as evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires.").  Indeed, the "primary importance" of the lack of a private right of action under the FDCA was that it offered a "clue" about the appropriate federal-state balance by indicating that Congress did not intend to invite a "tremendous number of cases" into federal court.  *Id.*  For the reasons explained below, that is not a concern here.

Exercising federal jurisdiction here is also "consistent with congressional judgment about the sound division of labor between state and federal courts."  *Grable*, 545 U.S. 313-14.  There will be no "disruptive portent in exercising federal jurisdiction."  *Id.* at 314.  This case involves the unique federal interests associated with Class III, PMA medical devices, and "[t]he effect of conferring federal question jurisdiction to an issue so closely bound by federal law would have a 'microscop[ic] effect' on the state-federal jurisdictional balance."  *Jenkins*, 984 F. Supp. 2d at 882.  Indeed, one federal court has remarked that "[i]t would be farcical" to believe Congress nonetheless intended for suits involving claims such as these to be adjudicated solely in state court.  *K. Burrell*, 2017 WL 1032524, at *3; *T. Burrell*, 2017 WL 1032504, at *3; *see also Reuter*, 996 F. Supp. 2d at 681 ("[I]t would be nonsensical to prevent [claims involving Class III medical devices] to be removed to a federal forum.").  Therefore, "[t]he regulations and requirements of the safety and effectiveness of a Class III, premarket approved device belong under the scope of federal question jurisdiction."  *Id.*; *see also Reuter*, 996 F. Supp. 2d at 681

---

[11] To the extent *Anders v. Medtronic, Inc.*, No. 4:14CV00194, 2014 WL 1652352 (E.D. Mo. Apr. 24, 2014) read *Merrell Dow* this way, Bayer respectfully submits it was incorrect and should not be followed.  Moreover, it involved a question of off-label use of medical devices not presented here.

("[I]t would be nonsensical to prevent [claims involving Class III medical devices] to be removed to a federal forum.").  Further, this case presents a circumstance in which FDA has taken specific steps to address the very safety and effectiveness matters that are the subject of the plaintiff's complaint, which will not be present even in most cases involving Class III medical devices.[12]  Federal question jurisdiction exists.  But, at the very least, it presents a comparatively complicated question this Court can avoid by simply following the *Addelson* line of cases and addressing personal jurisdiction first.

### D.   The Subject Matter Jurisdiction Issue Would Also Require Resolution Of Whether There Is CAFA Jurisdiction.

Finally, if this court does not decide personal jurisdiction first (and even if it rejects Bayer's arguments on fraudulent misjoinder and fraudulent joinder and finds no subject matter jurisdiction), it would have to address whether this case, combined with *Hinton v. Bayer Corp.*, No. 4:16-cv-01679, forms a single mass action subject to federal jurisdiction under the Class Action Fairness Act.  *See* 28 U.S.C. §§ 1332(d)(11)(B)(i), 1453(a).  For the reasons set forth in Bayer's Notice of Removal, CAFA provides an additional basis for jurisdiction in this case.  *See* Notice of Removal ¶¶ 67-81.  At the very least, the question whether CAFA jurisdiction exists where, as here, the same plaintiffs' counsel have filed nearly identical complaints on behalf of a total of more than 100 plaintiffs is comparatively "difficult and novel" as compared to deciding personal jurisdiction first.  *See Ruhrgas*, 526 U.S. at 588.

Notably, Plaintiffs do not attempt to argue that the Eighth Circuit's decision in *Atwell v. Boston Scientific Corp.*, 740 F.3d 1160 (8th Cir. 2013), forecloses Bayer's argument.  They leave unanswered Bayer's argument that *Atwell* is distinguishable because "the same lawyers represent

---

[12] Thus, the effect on the federal-state balance is far more limited than it would have been in *Anders*, and a decision here would have no direct application to non-Class III medical devices, drugs, or other consumer products.  *Cf. Anders*, 2014 WL 1652352, at *7.

19

all plaintiffs and the complaints are otherwise functionally identical."  Notice of Removal ¶ 75.

Instead, they urge this Court to follow the Seventh Circuit's reasoning in *Anderson v. Bayer Corp.*, 610 F.3d 390 (7th Cir. 2010).  But if plaintiffs counsel can avoid CAFA simply by dividing their plaintiffs into groups of less than 100 and filing an identical complaint for each group, then Congress's purpose in enacting CAFA will be significantly undermined.  *Freeman v. Blue Ridge Paper Prods., Inc.*, 551 F.3d 405, 407 (6th Cir. 2008) (CAFA "prevent[s] plaintiffs from artificially structuring their suits to avoid federal jurisdiction"); *Proffitt v. Abbott Labs.*, No. 2:08-CV-151, 2008 WL 4401367, at *2, 5 (E.D. Tenn. Sept. 23, 2008) (similar); *Brook v. UnitedHealth Group, Inc.*, No. 06-cv-12954, 2007 WL 2827808, *4 (S.D.N.Y. Sept. 27, 2007) (similar).  *But see, e.g.*, *Mounce v. Bayer Corp.*, No. 4:16-cv-01478 (E.D. Mo. Dec. 13, 2016).

The Court should reject such reasoning if it reaches the issue.  *But it need not reach the issue*.  If the Court decides the simple and straightforward issue of personal jurisdiction first and dismisses the non-Missouri Plaintiffs' claims, diversity jurisdiction will exist in this case.  The Court should take this simpler route.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion to Remand.

Dated: March 23, 2017                               Respectfully submitted,

                                                   **HEPLERBROOM LLC**

                                                   By: */s/ W. Jason Rankin*
                                                       Gerard T. Noce #27636 MO
                                                       gtn@heplerbroom.com
                                                       W. Jason Rankin #62672 MO
                                                       wjr@heplerbroom.com
                                                       211 North Broadway Suite 2700
                                                       St. Louis, MO 63102
                                                       Tel:  314-241-6160
                                                       Fax: 314-241-6116

*Attorneys for Defendants Bayer*
*Corporation, Bayer HealthCare LLC,*
*Bayer Essure Inc., and Bayer HealthCare*
*Pharmaceuticals Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of March, 2017, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

Eric D. Holland
R. Seth Crompton
**HOLLAND LAW FIRM**
300 N. Tucker Blvd., Suite #801
Saint Louis, Missouri, 63101
314-241-8111 - Telephone
314-241-5554 - Fascimile
eholland@allfela.com
scrompton@allfela.com

Lewis O. Unglesby
Lance C. Unglesby
Jason R. Williams
Logan H. Greenberg
Nicole E. Burdett
Adrian M. Simm Jr.
**UNGLESBY WILLIAMS**
607 St. Charles Avenue
New Orleans, LA 70130
Tel: (504) 345-1390
Fax: (504) 324-0835

Wells T. Watson
Jeffrey T. Gaughan
Zita M. Andrus
**BAGGETT, MCCALL, BURGESS,
WATSON & GAUGHAN**
3006 Country Club Road
P. O Drawer 7820
Lake Charles, LA 70605
Tel: (337) 478-8888
Fax: (337) 478-8946

Richard J. Arsenault
**NEBLETT, BEARD & ARSENALUT**
2220 Bonaventure Court
Alexandria, LA 71309
Tel: (800) 256-1050
Fax: (318) 561-2592
rarsenault@nbalawfirm.com

*Attorneys for Plaintiffs*

/s/ W. Jason Rankin