UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAVETA JORDAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00865-AGF |
| | ) | |
| BAYER CORPORATION, et al., | ) | |
| | ) | |
| Defendants, | ) | |

# MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' motion for reconsideration (ECF No. 45); Plaintiffs' motion for leave to file an amended complaint (ECF No. 43); and Plaintiffs' motion to allow jurisdictional discovery (ECF No. 41). Defendants filed responses in opposition to all three motions. For the reasons set forth below, the motions for reconsideration and to allow jurisdictional discovery will be denied, and the motion for leave to file an amended petition will be granted.

## BACKGROUND

This case was filed in the Circuit Court for the City of St. Louis, Missouri, on January 19, 2017, alleging injuries sustained as a result of using Essure, a medical device manufactured and sold by Bayer.[1] Of the 94 named Plaintiffs, seven were citizens of Missouri. One Plaintiff was an Illinois citizen who allegedly had the device implanted in

---

[1] The Court will refer to "Bayer" or "Defendant Bayer" when referencing all of the Defendants in this lawsuit.

Missouri. The remaining Plaintiffs were citizens of 25 different states, including Indiana, Delaware, and Pennsylvania.

On March 9, 2017, Bayer removed this action to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), federal question jurisdiction under 28 U.S.C. § 1331, and the Class Action Fairness Act (CAFA). Bayer Corporation is a citizen of New Jersey and Indiana; Bayer Healthcare LLC is a citizen of Delaware, Pennsylvania, New Jersey, Germany, and the Netherlands; Bayer Essure, Inc. and Bayer Healthcare Pharmaceuticals, Inc., are citizens of Delaware and New Jersey; and Bayer A.G. is a German corporation. Bayer contended that removal was proper because the diversity-destroying Plaintiffs were fraudulently joined. Bayer also filed a motion to dismiss the non-Missouri Plaintiffs for lack of personal jurisdiction. ECF No. 4. Thereafter, on March 16, 2017, Plaintiffs filed a motion to remand on the basis that the Court lacked subject matter jurisdiction.

While the motions to dismiss and remand were pending, Bayer moved the Court to take notice of the United States Supreme Court case, *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). In that case, the Supreme Court held that state courts lack specific personal jurisdiction over nonresident plaintiffs' claims that have no connection to the forum where the lawsuit is filed, even if those plaintiffs join their claims with in-state plaintiffs.

On July 13, 2017, Plaintiffs filed an amended complaint without consent or leave of the Court. ECF No. 39. The amended complaint added a number of factual allegations, including Bayer's clinical trial activities in Missouri and its marketing and

2

sales activities in Missouri, to support specific personal jurisdiction over the non-Missouri Plaintiffs' claims.

The next day, on July 14, 2017, the Court issued a Memorandum and Order granting Bayer's motion to dismiss for lack of personal jurisdiction and relying heavily on *Bristol-Myers Squibb*.[2] ECF No. 40. The Court dismissed the claims of all non-Missouri Plaintiffs, except Plaintiff Jennifer Dishbein, an Illinois resident whose device was implanted in Missouri. The dismissal of the diversity-destroying Plaintiffs negated any challenge to complete diversity and, therefore, the Court denied Plaintiffs' motion to remand. The July 14 Order did not mention the first amended complaint.

On July 17, 2017, Plaintiffs filed a motion for reconsideration of the Court's July 14 Order under Federal Rule of Civil Procedure 54(b), arguing that the amended complaint, which was not considered in the Court's July 14 Order, cured the defects of personal jurisdiction present in the originally-filed complaint. Specifically, Plaintiffs maintain that the amended complaint establishes that St. Louis, Missouri, was "ground zero" for the launch of Essure, which satisfies the requirement set forth in *Bristol-Myers Squibb* that out-of-state Plaintiffs have sufficient connections between the forum and the specific claims at issue. Plaintiffs contend that the Court's July 14 Order "would be rendered incorrect because of a controlling or significant change in the law since the issues were submitted to the Court," which presents a circumstance under which the Court may reconsider its interlocutory ruling.

---

[2] At the time the Memorandum and Order was filed, Judge Carol Jackson was presiding over this matter. After her retirement, the case was reassigned to the undersigned on July 28, 2017. ECF No. 54.

Bayer argues in opposition that the amended complaint was filed without leave, thereby rendering it procedurally improper and unable to provide a basis for reconsideration. Moreover, Bayer contends that even if the amended complaint were to be considered, Plaintiffs still fail to allege sufficient ties between the non-Missouri Plaintiffs and Missouri to provide the Court with subject matter jurisdiction.

## DISCUSSION

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted). Although the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, Rule 54(b) encompasses the power to revise an interlocutory order any time prior to the entry of final judgment. *See Thunder Basin Coal Co., L.L.C. v. Zurich Am. Ins. Co.*, No. 4:12-CV-231 (CDP), 2013 WL 6410012, at *1 (E.D. Mo. Dec. 9, 2013). "[A] motion to reconsider may be granted if the earlier decision (1) misunderstood a party, (2) made a decision outside of the adversarial issues, or (3) would be rendered incorrect because of a controlling or significant change in law since the issues were submitted to the Court." *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 WL 1426009, at *2 (E.D. Mo. Apr. 21, 2017) (internal citations and quotations omitted).

Here, the amended complaint filed on July 13, 2017, is not properly before the Court. It was not filed by consent or with leave of the Court as required by Federal Rule of Civil Procedure 15(a). Moreover, the amended complaint is not a proper basis upon

4

which Plaintiffs may seek reconsideration of the Court's July 14 Order. There is no misunderstanding of a party or a controlling or significant change in the law since the issues were submitted before the Court.

However, Plaintiffs have since filed a motion for leave to file the first amended complaint in an attempt to cure the defects in personal jurisdiction as to the non-Missouri Plaintiffs. Pursuant to Federal Rule of Civil Procedure 15, leave to amend should be freely given. Although Defendants urge that allowing the amended complaint would be futile, the Court believes Plaintiffs should be given the opportunity to amend their complaint and set forth their bases for filing suit in Missouri. Defendants will not be prejudiced by the filing of the amended complaint, as they will have an opportunity to challenge any aspect of jurisdiction they believe is lacking.

Therefore, the Court will deny Plaintiffs' motion for reconsideration and grant their motion for leave to file an amended complaint. In light of the amended complaint, the Court will deny without prejudice Plaintiffs' motion for jurisdictional discovery.

The Court notes that related litigation in other state and federal courts will soon commence with key depositions. Therefore, the Court will enter a Rule 16 Order contemporaneously with this Order to allow the parties in this matter to coordinate discovery efforts with those in other cases to avoid duplicitous and inefficient discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for reconsideration (ECF No. 45) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file an amended complaint (ECF No. 43) is **GRANTED**, and ECF No. 39 will serve as the operative amended complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to allow jurisdictional discovery (ECF No. 41) is **DENIED without prejudice.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of January, 2018.