UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAVETA JORDAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:17-cv-00865-AGF |
| ) | |
| BAYER CORPORATION, et al., ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' motion to unseal certain exhibits filed by Bayer. Plaintiffs contend that Exhibits E through H, submitted in support of Bayer's memorandum in opposition to Plaintiffs' motion for reconsideration (ECF No. 49), should not be considered confidential or exempt from public disclosure. Bayer opposes the motion.

There is a common law right of access to judicial records, which includes the public's "right to access documents that are submitted to the Court and that form the basis for judicial decisions." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). "This right of access bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings and 'to keep a watchful eye on the workings of public agencies.' " *Id.* (internal citation omitted). The public's right of access "also provides a measure of accountability to the public at large, which pays for the courts." *Id.*

The Eighth Circuit has explained that the public's right of access requires the district court to "consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

Local Rule 13.05(A)(1) provides that "[u]pon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal." Here, Bayer contends that the exhibits contain trade secrets, which should be protected from public disclosure. The Court has reviewed the exhibits and is unable to discern which portions of the exhibits contain trade secrets, and Bayer failed to identify specific portions of the exhibits that it wishes to protect. Therefore, the Court will grant the motion to unseal in part and direct Bayer to file copies of the exhibits redacting those items which Bayer believes to be confidential.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to unseal exhibits is **GRANTED IN PART and DENIED IN PART.** ECF No. 65. Bayer is directed to file redacted copies of its exhibits on or before **January 19, 2018**. The Clerk of the Court is directed to keep the existing copies of the exhibits under seal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2018.