UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAVETA JORDAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-00865-AGF |
| | ) | |
| BAYER CORPORATION, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM & ORDER

This matter is before the Court on Plaintiffs' motion to remand (ECF No. 98); Defendant Bayer's[1] motion to dismiss (ECF No. 106); Plaintiffs' motion to stay (ECF No. 112); Bayer's motion to sever (ECF No. 121); and Bayer's motion for oral argument (ECF No. 123). Plaintiffs' motions are fully briefed by the parties. However, Plaintiffs elected not to respond to Bayer's motion to dismiss, instead choosing to file a motion to stay proceedings and for extension of time to respond to the motion to dismiss. For the reasons set forth below, the motion to remand will be denied, the motion to dismiss will be granted in part, the motion to stay will be denied, and the motions to sever and for oral argument will be denied as moot.

## BACKGROUND

This products liability action has a long and complex procedural history. It was originally filed in the City of St. Louis, Missouri, by 94 Plaintiffs from 27

---

[1] The Court will refer to "Bayer" when referencing all of the Defendants in this lawsuit.

different states, including seven Plaintiffs who are citizens of Missouri, against Bayer, alleging that Bayer's product, Essure, caused them harm.  Bayer Corporation is a citizen of New Jersey and Indiana; Bayer Healthcare, LLC is a citizen of Delaware, Pennsylvania, New Jersey, Germany, and the Netherlands; Bayer Essure, Inc. and Bayer Healthcare Pharmaceuticals, Inc., are citizens of Delaware and New Jersey; and Bayer A.G. is a German corporation.  Bayer removed the case to this Court on March 9, 2017 on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and federal question jurisdiction, 28 U.S.C. § 1332.

The Court previously issued a Memorandum and Order granting Bayer's motion to dismiss as to the claims of all non-Missouri Plaintiffs for lack of personal jurisdiction.[2]  Most recently, the Court granted Plaintiffs' motion to amend their complaint to include the non-Missouri Plaintiffs and add allegations that they believed would allow the Court to exercise personal jurisdiction over the non-Missouri Plaintiffs' claims against Bayer.  ECF No. 95.  Specifically, the amended complaint added allegations that Bayer used St. Louis as a center to develop, create a marketing strategy for, label, or work on the regulatory approval of Essure; that several pre-market clinical studies for Essure's pre-market approval occurred in Missouri hospitals; and that St. Louis was key to Bayer's national marketing plan.

---

2      For purposes of this Memorandum and Order, the Court will divide Plaintiffs in this case into "Missouri Plaintiffs"—Plaintiffs who are residents of Missouri—and "non-Missouri Plaintiffs"—Plaintiffs who are residents of states other than Missouri.  One Plaintiff, Jennifer Dischbein, is an Illinois resident whose device was implanted in Missouri.  Plaintiff Dischbein is included in the group of Missouri Plaintiffs because her claims arise out of a procedure that took place in Missouri.

Plaintiffs then filed a motion to remand, arguing that the Court lacks subject matter jurisdiction over this action because there is no complete diversity of citizenship, the Class Action Fairness Act does not provide this Court with jurisdiction, and the Court does not have federal question jurisdiction. Bayer argues in response that the Court should first evaluate personal jurisdiction as to the non-Missouri Plaintiffs and dismiss their claims for lack of personal jurisdiction. Bayer filed a motion to dismiss, advancing similar arguments regarding personal jurisdiction and arguing that all of Plaintiffs' claims are preempted.

Rather than responding to the motion to dismiss, Plaintiffs moved to stay proceedings pending the Court's ruling on their motion to remand. In the event that Plaintiffs' motion to stay is not granted, Plaintiffs ask the Court to grant limited jurisdictional discovery. Lastly, in the event the motion to stay is not granted, Plaintiffs also seek an extension of time for Plaintiffs to respond to the motion to dismiss. Recently, Bayer filed a motion to sever the claims of the non-Missouri Plaintiffs and a motion for oral argument on Bayer's motion to dismiss and motion to remand.

## DISCUSSION

Motion to Stay

Before turning to the motion to remand and motion to dismiss, the Court will first address Plaintiffs' motion to stay. The Court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In evaluating a motion to stay, a district court must "weigh competing interests and maintain an even balance." *Id*. at 255. The movant must "make out a clear case of hardship or inequity." *Id.* "Factors relevant to a district court's determination of whether to stay proceedings include maintaining control of its docket, conserving judicial resources, and providing for the just determination of cases pending before it." *Covington v. Janssen Pharm., Inc.*, No. 4:17-CV-1588 SNLJ, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017).

Plaintiffs advance arguments in their motion to stay that are nearly identical to the arguments presented in their motion to remand; namely, that the Court should address subject matter jurisdiction before turning to personal jurisdiction, as subject matter jurisdiction is the less arduous inquiry. They argue that the Court will conserve juridical resources by first addressing Plaintiffs' motion to remand, since "[r]emand of this case is likely." ECF No. 113 at 2.

Plaintiffs have failed adequately to explain why disposition of Bayer's motion to dismiss on jurisdictional grounds should be delayed while Plaintiffs' motion to remand is pending, particularly in light of the fact that the arguments as to personal jurisdiction in both motions overlap significantly. Moreover, Plaintiffs fail to make out a clear case of hardship or inequity. Therefore, the Court will deny the motion. The Court will also deny Plaintiffs' request to conduct jurisdictional discovery because, as set forth more fully below, the facts sought to be discovered by Plaintiffs

would not result in this Court being able to exercise personal jurisdiction over the non-Missouri Plaintiffs' claims. *See Dyson v. Bayer Corp.*, No. 4:17CV2584 SNLJ, 2018 WL 534375, at *4 (E.D. Mo. Jan. 24, 2018). Lastly, the Court will deny Plaintiffs' request for an extension of time to respond to the motion to dismiss as it relates to Bayer's motion to dismiss the non-Missouri Plaintiffs for lack of personal jurisdiction. "[T]he filing of a motion to stay does not act as a means to extend deadlines to outstanding motions." *Covington*, 2017 WL 3433611, at *3. Moreover, the issue has been exhaustively briefed by both parties.

Jurisdictional Discretion

A district court may not proceed in a case unless it has personal and subject matter jurisdiction. *Crawford v. F. Hoffman-La Roche, Ltd*, 267 F.3d 760, 764 (8th Cir. 2001). Under Supreme Court precedent set forth in *Ruhrgas AG v. Marathon Oil Company*, a Court has discretion to consider personal jurisdiction first where personal jurisdiction is straightforward and presents no complex question of state law, and the alleged defect in subject matter jurisdiction raises a difficult question. 526 U.S. 574, 588 (1999); *Crawford*, 267 F.3d at 764 ("[C]ertain threshold questions, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction, provided that the threshold issue is simple when compared to the issue of subject-matter jurisdiction."). In exercising discretion to determine which issue to consider first, courts should consider the interests of judicial economy, weigh the preclusionary effect of ruling on an issue that could travel back and bind the state court, and decide

5

the more straightforward issue first. *Ruhrgas*, 526 U.S. at 585-86. The Supreme Court in *Ruhrgas* acknowledged that "in most instances subject-matter jurisdiction will involve no arduous inquiry" and "[i]n such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id*. at 587-88.

Generally, the approach taken by judges in this district in similar cases was that subject matter jurisdiction was the less arduous inquiry. *See, e.g.*, *Jones v. Bayer Corp.*, No. 4:16–CV–1192–JCH, 2016 WL 7230433, at *2 n.3 (E.D. Mo. Dec. 14, 2016); *Tenny v. Bayer Healthcare, LLC*, No. 4:16–CV–1189–RLW, 2016 WL 7235705, at *2 (E.D. Mo. Dec. 13, 2016). However, since *Bristol-Myers Squibb Company v. Superior Court of California, San Francisco County.*, No. 16–466, 2017 WL 2621322 (U.S. June 19, 2017) and *State ex rel. Norfolk Southern Railway Company v. Dolan,* 512 S.W.3d 41(Mo. 2017), judges in this district have held that the issue of personal jurisdiction "is now the more straightforward inquiry." *See Siegfried v. Boehringer Ingelheim Pharm., Inc.*, No. 4:16–CV–1942–CDP, 2017 WL 2778107, at *1, *3, *5 (E.D. Mo. June 27, 2017); *see also Turner v. Boehringer Ingelheim Pharm., Inc.*, No. 4:17–CV–01525AGF, 2017 WL 3310696, at *2 (E.D. Mo. Aug. 3, 2017); *Covington*, 2017 WL 3433611, at *2-3; *Dyson*, 2018 WL 534375, at *4.

The Court finds that addressing Bayer's challenge to personal jurisdiction as to the claims of the non-Missouri Plaintiffs presents the more straightforward inquiry under recent court decisions, and the Court will exercise its discretion to address that

6

issue before addressing any challenge to subject matter jurisdiction.  Moreover, the Court, in its discretion, will address the motion to dismiss before the motion to remand.

Motion to Dismiss

Bayer raises a number of arguments in its motion to dismiss.  First, Bayer contends that the non-Missouri Plaintiffs' claims should be dismissed for lack of personal jurisdiction.  Bayer also argues, in the alternative, that the non-Missouri Plaintiffs' claims should be dismissed under the doctrine of forum non conveniens.  Further, Bayer maintains that all of Plaintiffs' claims are preempted by federal law, and that Plaintiffs fail to plead facts to show causation or reliance, or to plead fraud with sufficient particularity.  ECF No. 107.

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a plaintiff must make a prima facie showing of personal jurisdiction by pleading facts sufficient to support a "reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state."  *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011).  The court views the evidence in a light most favorable to the plaintiffs and resolves factual conflicts in the plaintiffs' favor; however, the plaintiffs carry the burden of proof and that burden does not shift to the defendants.  *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

7

The Supreme Court in *Bristol-Myers Squibb* focused on the connection between a nonresident plaintiff's claims and the forum state. There, the nonresident plaintiffs joined California plaintiffs in a lawsuit filed in California state court for injuries allegedly caused by a drug named Plavix. *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. The California Superior Court held that specific personal jurisdiction over the nonresident plaintiffs' claims was present, but it did not identify any adequate link between the state of California and the nonresident plaintiffs' claims. *Id.* at 1781. The United States Supreme Court held that this violated principles of due process, as the conduct giving rise to the nonresident plaintiffs' claims occurred elsewhere. Specifically, "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* "The mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.*; *see also State ex rel. Bayer Corp. v. Moriarty*, No. SC 96189, 2017 WL 6460354, at *6 (Mo. Dec. 19, 2017).

Plaintiffs argue that *Bristol-Myers Squibb* provided litigants with a blueprint for properly asserting specific personal jurisdiction over nonresident plaintiffs' claims. Specifically, the Supreme Court, in the background section of the opinion, stated that "[Bristol-Myers Squibb] did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or

8

work on the regulatory approval of the product in California." *Id.* at 1778. Plaintiffs assert that their amended Complaint, which adds allegations that Bayer used Missouri as "ground zero" for its national campaign and that it was the site of a number of clinical trials, satisfies this blueprint.

However, *Bristol-Myers Squibb* reiterated the need to maintain a "straightforward application" of the "settled principles of personal jurisdiction." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1783. The language contained in the background section of *Bristol-Myers Squibb* does not authorize a federal court to exercise broad personal jurisdiction on the mere basis of nationwide contacts—such as the development of a marketing strategy—rather than the defendant's contacts within the forum state itself. *See Everett v. Aurora Pump Co.*, No. 4:17CV230 HEA, 2018 WL 372339, at *2 (E.D. Mo. Jan. 11, 2018). Here, the non-Missouri Plaintiffs do not allege that they saw Essure advertising in Missouri or that they participated in the clinical trials taking place in Missouri. "That Missouri happened to be Essure's first marketed area has no bearing on the non-Missouri plaintiffs' claims where those plaintiffs did not see marketing in Missouri, were not prescribed Essure in Missouri, did not purchase Essure in Missouri, and were not injured by Essure in Missouri." *Dyson*, 2018 WL 534375, at *4. Indeed, these allegations are simply too attenuated to serve as a basis for specific personal jurisdiction over Bayer. Therefore, the Court will grant Bayer's motion to dismiss the non-Missouri Plaintiffs from this action.

However, Bayer also argues in support of its motion to dismiss that the entire complaint should be dismissed because the claims are preempted by federal law, Plaintiffs fail to plead facts to show causation or reliance, and Plaintiffs failed to plead fraud with sufficient particularity. The Court will grant Plaintiffs leave to address the merits of these additional arguments before the Court fully adjudicates the motion to dismiss.

Motion to Remand

In their motion to remand, Plaintiffs assert the Court lacks subject matter jurisdiction because there is a lack of complete diversity. Because the Court is granting dismissal of the non-Missouri Plaintiffs' claims for lack of personal jurisdiction, the remaining Plaintiffs and Defendants are diverse from one another and the Court has subject matter jurisdiction. As such, Plaintiffs' motion to remand will be denied.

Motion to Sever and Motion for Oral Argument

On February 6, 2018, Bayer filed a motion to sever the non-Missouri Plaintiffs' claims and a motion for oral argument on Bayer's motion to dismiss and Plaintiff's motion to remand. In light of the Court's ruling on Bayer's motion to dismiss and Plaintiffs' motion to remand, these motions will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to stay is **DENIED.** ECF No. 112.

**IT IS FURTHER ORDERED** that Bayer's motion to dismiss is **GRANTED in part** with respect to personal jurisdiction. The claims of the non-Missouri Plaintiffs, except Plaintiff Dischbein, are dismissed for lack of personal jurisdiction. ECF No. 106.

**IT IS FURTHER ORDERED** that Bayer's motion to dismiss is **HELD IN ABEYANCE** to the extent it raises grounds other than personal jurisdiction. ECF No. 106. Plaintiffs shall have until **February 23, 2018** to respond to the motion to dismiss.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand is **DENIED**. ECF No. 98.

**IT IS FURTHER ORDERED** that Bayer's motion to sever is **DENIED as moot**. ECF No. 121.

**IT IS FURTHER ORDERED** that Bayer's motion for oral argument is **DENIED as moot**. ECF No. 123.

**IT IS FURTHER ORDERED** that Bayer's motion for leave to file redacted copies of Exhibits B, C, D, and E to Bayer's Opposition to Plaintiffs' motion for reconsideration is **GRANTED**. ECF No. 104.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of February, 2018.